Currie, J.
(concurring). I fully concur in the court’s opinion herein, but wish to add some comments with respect to the constitutionality of the retroactive feature of the amendment made by the legislature in 1947 to sec. 71.08 (9), Stats.
The taxes in controversy are those for the calendar years of 1944 and 1945. There'apparently was no express provision in the statutes prior to 1947, comparable to present sec. 71.10 (10), which permitted a taxpayer to file a claim for refund with respect to income taxes already paid. There was a provision in sec. 71.10 (6) (d), Stats. 1945, for a refund, if an audit by the department disclosed an overpayment. Under sec. 71.115 (1) (b), Stats. 1945, in order for *356 the department to assess additional income taxes found due on an audit of the taxpayer’s return, notice of the proposed assessment was required to be served not later than three years after the close of the taxable year for which such return had been filed.
Then in 1947 the legislature enacted ch. 318, Laws of 1947, which created sec. 71.10 (10), Stats., giving taxpayers the right to file claims for refund. Later in the session the same legislature enacted ch. 557, Laws of 1947, which amended sec. 71.10 (10) (b) so as to limit the taxable years for which such claim for refund could be filed to not more than three such years next preceding the filing of the claim. Such limitation has now been extended to four instead of three years by the amendment enacted by ch. 3, Laws of 1955.
The significance of this statutory history is that the 1947 legislature, which enacted the retroactive exemption, also at the same session created the means by which a taxpayer could extend the period beyond which the assessment of his tax would become final and conclusive by filing a claim for refund. Thus all taxpayers were treated exactly alike prospectively in this respect.
There remains the other possibility that a taxpayer’s assessment at the time the retroactive exemption was enacted may have had the period, during which an additional assessment of tax might be made, extended by the prior act of the department in serving notice of an additional assessment. However, the department made no showing before either the board of tax appeals, or the circuit court, that any such an extension of the limitation period had taken place in this manner involving any trust entitled to the retroactive exemption. The instant taxpayer trustees did not fall in such category because the tax years of 1944 and 1945 were within the three-year-limitation period when the exemption statute was enacted in 1947. A classification should not be held *357 unconstitutional as being discriminatory, and, therefore, a denial of the equal-protection-of-the-laws clause of the Fourteenth amendment, upon a mere theoretical possibility that there may be discrimination. In the instant case, before the department should be permitted to raise such a constitutional issue, it was incumbent upon it to establish by proof that some trustee taxpayers, who stood to benefit retroactively by the exemption, had had their limitation period extended as a result of the department’s serving notice of additional tax within such period.
There is a distinct possibility that there were no trustee taxpayers who fell in such class. Even if there were a limited few, this would not require that we hold the retroactive feature of the exemption unconstitutional. A classification having some reasonable basis does not offend the equal-protection clause of the Fourteenth amendment because it is not made with mathematical nicety or scientific exactness, or because in practice it actually results in some inequality. 16A C. J. S., Constitutional Law, p. 321, sec. 505; Bayside Fish Flour Co. v. Gentry (1936), 297 U. S. 422, 429, 56 Sup. Ct. 513, 80 L. Ed. 772.